UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDRII SAVCHENKO,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRO N. MAYORKAS, et al.,<br><br>Defendants. | Case No. 24-cv-06154-PHK<br><br>**ORDER TO SHOW CAUSE RE:<br>FAILURE TO COMPLY WITH COURT<br>ORDERS**<br><br>Re: Dkts. 20, 21 |

On August 30, 2024, Plaintiff Andrii Savchenko filed the Complaint[1] in this action against Defendants Alejandro N. Mayorkas (Secretary of DHS), Ur M. Jaddou (Director of U.S.C.I.S.), and Danielle Lehman (Director of San Francisco Asylum Office) ("Defendants"). [Dkt. 1]. All Parties have consented to Magistrate Judge jurisdiction for all proceedings in this case, including but not limited to trial and entry of final judgment. [Dkts. 6, 9].

The Court issued multiple Orders granting stipulated requests to stay this case until November 4, 2025. [Dkts. 11, 15]. On October 30, 2025 Defendants filed an administrative motion for a stay in light of the then-occurring government shutdown. [Dkt. 19]. On December 5, 2025 the Court issued a text order denying Defendants' motion as moot in light of the government reopening. [Dkt. 20]. The Court ordered the Parties to file a further status report (joint, if counsel has appeared for Plaintiff, or with Plaintiff *pro se*, if representing himself) due by January 5, 2026. *Id.*

Also on December 5, 2025, the Court issued an Order regarding Plaintiff's counsel (Svetlana Kaff) after learning that Ms. Kaff is not currently an active member of the California Bar. [Dkt. 21

---

[1] An Amended Complaint, correcting for the lack of attorney signature on the original Complaint, was filed the same day. *See* Dkt. 2 at 3.

at 1]. In this December 5 Order, the Court instructed Defendants to "use diligent, good faith efforts to send a Copy of this Order directly to Plaintiff **by DECEMBER 12, 2025**. Further, the Government **SHALL** file a Status Report regarding its success or status in sending a copy of this Order to Plaintiff by **January 5, 2026** and include in that Status Report the contact information used for Plaintiff and status regarding any communications with any substitute counsel (if any) for Plaintiff." *Id.* at 2 (emphasis in original).

The January 5, 2026 deadline has passed by nearly four months, and Defendants have failed to file anything, let alone a joint status report, on the docket. Defendants' failure to file the ordered status report is a demonstrable failure to comply with this Court's prior Orders. Failure to comply with a court Order may result in negative consequences such as sanctions, up to and including monetary sanctions, striking of a responsive pleading, and/or evidentiary or issue preclusion sanctions. *See* Fed. R. Civ. P. 16(f). Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order. District courts have the inherent authority to impose sanctions to manage the court's own affairs in order to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). A district court's inherent power includes the authority necessary to enforce the exercise of all other inherent powers, including the authority to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). A court's authority includes the power to impose sanctions until compliance occurs. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (court has authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do") (citation omitted).

Accordingly, the Court herein **ORDERS** that, by no later than **May 22, 2026**, Defendants **SHALL EITHER** (1) file a status report (joint, if counsel has appeared for Plaintiff, or with Plaintiff *pro se*, if representing himself) regarding case management and proposals for case planning and scheduling (taking into account whether Plaintiff is proceeding *pro se* or has new counsel) **OR** (2) file a written response to this Order to Show Cause explaining why appropriate sanctions should not be imposed on Defendants for failure to comply with this Court's directives and orders. To be

United States District Court
Northern District of California

2

clear, if Defendants file a status report (by May 22, 2026) such a filing will be deemed to be a response to this Order to Show Cause and no other written response would be necessary.

**IT IS SO ORDERED.**

Dated: May 1, 2026

PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California

3